**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4625**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUTHER JOE CYRUS, a/k/a Joe Cyrus,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(CR-03-106)

———————

Submitted:  April 25, 2005          Decided:  May 24, 2005

———————

Before WILKINSON, WILLIAMS, and DUNCAN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

John M. Ervin, III, Darlington, South Carolina, for Appellant.
Jonathan S. Gasser, Acting United States Attorney, Rose Mary
Parham, Assistant United States Attorney, Florence, South Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Luther Joe Cyrus pled not guilty to a charge of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000), and a charge of conspiracy to distribute narcotics. A jury convicted Cyrus of felon in possession of a firearm, but acquitted him of the narcotics charge. Cyrus appeals, contending that the reasoning in Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the Sentencing Guidelines and that the district court thus erred in enhancing his sentence using evidence of possession of drugs that the jury found insufficient to convict Cyrus beyond a reasonable doubt on the narcotics charge.[1] Cyrus preserved this issue for appeal by raising it in the district court.

After Cyrus filed his appeal, the Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005), held that the reasoning in Blakely applies to the federal Sentencing Guidelines and that the Guidelines are advisory rather than mandatory. In light of Booker, we vacate Cyrus's sentence and remand the case for resentencing.[2]

---

[1]Cyrus does not challenge his conviction. The United States agrees that Cyrus must be resentenced.

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Cyrus's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 2 -

Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (applying <u>Booker</u> on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>